493 P.2d 908

STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA et al., Respondents.

No. 10659.

Supreme Court of Arizona, In Banc.

Feb. 8, 1972.

Moise Berger, Maricopa County Atty., Grayson M. Sandy, Jr., Deputy County Atty., Phoenix, for petitioner.

Gorodezky, Marron & Diamond, by John B. Marron, Phoenix, for respondents.

LOCKWOOD, Justice:

In this Special Action the petitioner, Maricopa County Attorney, sought review of the decision of the Honorable Robert L. Myers prohibiting the state from calling a witness to testify. Petitioner requested this Court to order the trial court to permit the testimony of the excluded witness and other witnesses similarly situated. Petitioner's request for relief was granted, opinion to follow.

The Maricopa County Attorney filed an information against Richard H. Morcomb charging him with receiving or concealing stolen property.

On July 14, 1971 the trial court ordered the petitioner to endorse on the information and supply to the defendant a complete list of witnesses before July 30, 1971. The County Attorney stated that the order was complied with but he later learned that the attorney for the defendant had not received the list. A second list dated August 11th was therefore sent to defense attorney, who received it on or before August 16th. On September 22, 1971 petitioner mailed a letter containing the names of two additional witnesses.

The trial was set for September, but actually commenced on October 27, 1971. On the second day of trial petitioner called Sgt. Joe Nunez, a key witness to the state's case. Defendant's counsel objected on the ground Nunez' name had not been supplied to him on or before July 30th, pursuant to the court's order. The court sustained the objection, refusing to permit Nunez to testify. Whereupon petitioner brought this special action, maintaining that the testimony of Nunez and other witnesses who were not endorsed on the original information, (but who were on the lists supplied to defendant on August 11th and by letter on September 22nd) was essential to the state's case. Petitioner urged that the trial court under the circumstances recited abused its discretion in refusing Nunez to

·testify· and would probably also refuse to allow testimony by the other witnesses above described.

The applicable rules regarding endorsement of names of witnesses in effect when the trial commenced are Rule 153,[1] Arizona Rules of Criminal Procedure, 17 A.R.S., and Criminal Rule 1(m)[2] of the Rules of the Superior Court of Maricopa County, 17 A.R.S. The purpose of these rules was to provide the defendant with notice of the witnesses that the state intended to call at trial and to prevent the state from obtaining undue advantage. State v. King, 66 Ariz. 42, 182 P.2d 915 (1947). These rules were meant, however, only to provide the defendant with a shield and not a sword.

Even though there may have been technical noncompliance with the trial court's order that the names be furnished "on or before July 30th", (and we do not condone failure to comply with a court order), there was no showing of prejudice, and the court's discretion should be exercised with full regard for the ends of justice. Here defendant received at least a month's notice of the witnesses the state intended to call. We are of the opinion that the spirit of Rule 153 was thus observed, was in the interest of justice, and the trial court's refusal to permit witnesses to testify was therefore an abuse of discretion. Cf. State

v. Cassady, 67 Ariz. 48, 190 P.2d 501 (1948).

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.

---

1. Rule 153. Arizona Rules of Criminal Procedure:

   "Endorsement of names of witnesses on indictment or information

   "When an indictment or information is filed, the names of all the witnesses or deponents on whose evidence the indictment or information was based shall be endorsed thereon before it is presented, and the county attorney shall endorse on the indictment or information, at such time as the court may by rule or otherwise prescribe, the names of other witnesses he proposes to call. A failure to so endorse the names thereon shall not affect the validity or sufficiency of the indictment or information, but the court in which the indictment or information was filed shall, upon application of the defendant, direct the names of such witnesses to be endorsed thereon. *No continu-*

ance shall be allowed because of the failure to endorse such names thereon unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice." (Emphasis added.)

2. Criminal Rule 1(m) of the Local Rules of the Superior Court of Maricopa County:

   "The names of witnesses intended to be called by the State in the trial of any criminal case, other than witnesses or deponents endorsed on the information or indictment before it is presented and filed and witnesses in rebuttal, shall be endorsed on the information or indictment, without demand on behalf of the Defendant, at least five days before the date of trial in accordance with Rule 153, Rules of Criminal Procedure."