504 P.2d 932

**NEW YORK UNDERWRITERS INSURANCE COMPANY, a corporation, Appellant,**

**v.**

**Phyllis SPILLER, Charna Spiller, a minor By and Through her Guardian ad Litem, Phyllis Spiller, Appellees.**

**STATE FARM MUTUAL INSURANCE COMPANY, a corporation, Cross-Appellant,**

**v.**

**NEW YORK UNDERWRITERS INSURANCE COMPANY, a corporation, et al., Cross-Appellees.**

No. 10760.

Supreme Court of Arizona, In Banc.

Jan. 5, 1973.

**32**

Renaud, Cook, Miller & Cordova by Val A. Cordova, Phoenix, for appellant.

Langerman, Begam & Lewis by Kenneth P. Clancy, Phoenix, for appellees and cross-appellees.

Sidney Polkowitz, in pro per.

Lewis & Roca by John P. Frank and David L. Cocanower, Phoenix, for cross-appellants and appellees.

HAYS, Chief Justice:

This appeal was originally filed with the Court of Appeals but was transferred to this Court for oral argument and decision.

Most of the facts were stipulated. One was disputed. Evidence was heard, and the trial court made a finding backed by competent evidence, which we accept as to the facts.

Phyllis Spiller, a divorcee with custody of her minor daughter, Charna, owned a Volkswagen. Both were passengers in it while it was being driven with her consent by Phyllis' sister, Andrea Polkowitz. The car overturned in a one-car accident, and both Phyllis and Charna were injured. They sued Andrea and her parents, Sidney and Esther Polkowitz, for $350,000. That suit is still pending and will be referred to as "the first suit."

■ The New York Underwriters Insurance Company carried liability coverage on the Volkswagen in the form of a $25,000 single-limit policy. Andrea is an omnibus insured under it, since she was driving with the owner's consent. That policy represents the primary coverage on Andrea. Dairyland Mut. Ins. Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963.

The Polkowitzes owned a Chevrolet on which State Farm Mutual Insurance Company had issued a certified liability policy with $100,000/300,000 limits. Since Andrea is the daughter of, and resides with, the Polkowitzes and was driving with the consent of the Volkswagen owner, she is also an omnibus insured under the State Farm policy. However, that policy is excess to the coverage provided by New York Underwriters.

Charna Spiller, daughter of Phyllis Spiller and granddaughter of the Polkowitzes, at all times lived with Phyllis in their own apartment, and neither was a member of, or residing with, the Polkowitz household. The trial court specifically so found.

The instant case is not the one started by the Spillers against Andrea and her

parents. It is a case started by New York Underwriters against Andrea, the Polkowitzes, the Spillers, and State Farm, asking the court to declare that the New York Underwriters policy did not cover any injuries to Phyllis or Charna, because of certain restrictive provisions in the policy. State Farm filed an answer, a cross-claim, and a counterclaim, all of which raised two issues: (1) whether New York Underwriters' policy excluded Phyllis and Charna, and (2) whether State Farm's policy excluded them. Of course Phyllis and Charna may recover from Andrea regardless of whether either or both are excluded by the policies; exclusion merely means that any recovery will have to come from Andrea's personal assets and not from either insurance company.

■ New York Underwriters' policy contains the following language:

"This policy does not apply . . . to bodily injury to (1) any person, if such person is related by blood, marriage, or adoption to, and is a resident of the same household as the insured . . . or (2) the named insured."

In a pretrial statement all parties agreed that Phyllis was validly excluded from coverage for injuries under the New York Underwriters policy. Under that policy, therefore, we are concerned only with Charna's coverage in the light of the above restrictions.

Since Charna is not the named insured, the restriction in effect reads:

"This policy does not apply to bodily injury to Charna if she is related to, and is a resident of the same household as the insured."

The real question therefore is: Who is "the insured"? New York Underwriters argues that "the insured" means both the named insured (Phyllis Spiller) and the omnibus insured (Andrea Polkowitz). If this is a correct interpretation, then Charna is excluded, since she is related to and

resides with the named insured (Phyllis). However, this position is untenable in the light of our decision in Farmers Insurance Group v. Home Indemnity Co., 108 Ariz. 125, 493 P.2d 909. There, we were concerned with the exclusion of *employees* of "the insured"; here, we are concerned with *relatives* of "the insured." There, we held that "the insured" referred to the omnibus insured if he is the tort-feasor. We are construing identical words of an insurance policy in both cases, and logic compels the conclusion that they mean the same in each case. We therefore hold that Charna is covered by the New York Underwriters policy, since she was not a resident of the Polkowitz household. We do not consider whether Phyllis is covered because all parties agreed before trial that she was not.

■ State Farm's policy exclusion is worded slightly differently, but the issue is essentially the same. Its language reads:

"This insurance does not apply . . . to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

We have already indicated that in this context, "the insured" refers to the omnibus insured if he is the tort-feasor. Since neither Phyllis nor Charna can be so described and since neither resided in the same household as the named insured (Polkowitz), both are covered under the State Farm policy.

We have previously stated New York Underwriters has the primary coverage, and State Farm's coverage is excess over other valid and collectible insurance as to Charna. Since by agreement there is no collectible insurance as to Phyllis, primary to State Farm, the latter's policy is primary as to her.

Any conclusions of law by the trial court —even though they be labeled "findings" —inconsistent with this opinion, are re-

**34**

versed, and the proceedings in the first case will be governed by this opinion.

CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.

Note: Justice STRUCKMEYER did not participate in the determination of this matter.