543 P.2d 474

Dean Austin **HILLE**, personal representative
of the *Estate of Becky L. Thompson,*
Deceased, Appellant,

v.

**SAFECO INSURANCE COMPANY OF
AMERICA, a corporation, Appellee.
No. 1 CA–CIV 2710.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 11, 1975.

Rehearing Denied Jan. 15, 1976.

Review Denied Feb. 10, 1976.

**354**

Shimmel, Hill, Bishop & Gruender, P. C. by William C. Blakley, Phoenix, for appellant.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Phoenix, for appellee.

OPINION

FROEB, Judge.

This is an action for declaratory judgment involving the question of insurance coverage in which each party filed a motion for summary judgment. The trial court granted appellee, Safeco Insurance Co. of America (Safeco), judgment, declaring that it had no obligation to defend the cause of action asserted by appellant and no obligation to pay any judgment resulting from it.

On December 10, 1971, Becky L. Thompson (Thompson) was fatally injured in a one-car accident. When the accident occurred, she was riding as a passenger in an automobile which was being driven by Stephen Mark Lawson (Lawson). The automobile was owned by the Alameda Construction Company. Earlier that evening, Henry Tang, President of Alameda Construction Company, had given Thompson permission to use the automobile. Later in the evening, Thompson gave Lawson permission to drive it. The automobile was insured by Safeco. After the accident, appellant, Dean Austin Hille, was appointed personal representative of the Estate of Becky L. Thompson and filed suit alleging that Lawson was responsible for Thompson's death. Safeto thereafter brought this action for declaratory judgment to determine whether it had an obligation to defend Lawson or to pay any judgment against him arising from the accident.

There are two issues presented. The first is whether Lawson is insured under the policy against liability. This depends upon whether the permission to drive the automobile given by Tang to Thompson extended to Lawson. The second is whether Thompson was a named insured under the policy, thereby excluding Thompson's estate from recovery.

The Safeco policy extends liability coverage to persons using the automobile with permission by what is generally referred to as the "omnibus clause." There is no dispute that Henry Tang had the authority to give permission to use the car to others. The question in this case is whether it was extended to Lawson. If so, Lawson was an omnibus insured and Safeco has the duty to defend him in the wrongful death action and to pay any judgment rendered against him within the policy limits.

Although it is well settled in Arizona that the omnibus clause is to be construed broadly so as to favor coverage for permissive drivers, we are not here concerned directly with the interpretation to be given to the specific language of the policy issued by Safeco. In Arizona, permission to drive a car is a question of fact to be determined by the trier of fact. See *Universal Underwriters Insurance Co. v. State Automobile and Casualty Underwriters,* 108 Ariz. 113, 493 P.2d 495 (1972).

We have reviewed the trial court record to see if there is presented a genuine issue as to the question of permission. Since we find none, it is appropriate that judgment be entered as a matter of law. 16 A.R.S., Rules of Civil Procedure, Rule 56(c).

Unless there is contradicting evidence, the driver of an automobile causing damage or injury by its negligent operation is presumed to be using the automobile in the business of the owner and therefore with his permission. This is the holding of the Arizona Supreme Court in *Universal Underwriters Insurance Co. v. State Automobile and Casualty Underwriters,* supra, citing and relying upon *Baker v. Maseeh,* 20 Ariz. 201, 179 P. 53 (1919), and

*Silva v. Traver,* 63 Ariz. 364, 162 P.2d 615 (1945).

The factual record in this case to which we apply this principle consists of the sworn affidavit and deposition of Henry Tang. It would serve no purpose to set out either verbatim. Tang stated that on several occasions when he loaned the car to Thompson, including the one at issue, he had no conversation with her about the use she could make of the car and gave her no instructions or limitations. As a reflection upon what he intended but did not express at the time, Tang stated that he had given Thompson permission to use the car as her own without qualification and trusted her judgment in permitting other persons to drive the car. In response to a question not directed to the facts of this case, Tang also said that ordinarily he would not loan the car to or permit it to be driven by someone he did not know.

Neither the affidavit nor the deposition present any evidence which would contradict the legal presumption that Lawson was authorized to drive the automobile. In order to contradict the presumption and thus interpose an issue of fact which would cause the presumption to disappear, it would be incumbent upon Safeco to raise an issue of fact relating to the terms of the bailment of the car. Evidence of Tang's unexpressed state of mind before he loaned the car to Thompson is immaterial to the question of what scope of permission was actually extended by Tang when he handed the car keys to Thompson. Thus, the reflections of Tang in the affidavit and deposition as to what he intended at the time are not material. As there is no evidence of some limitation or restriction, the presumption earlier referred to, that Lawson was driving the car with Tang's permission, is operative.

Consequently, we must conclude that Hille was entitled to summary judgment on the issue of permission. Our conclusion is reinforced by the fact that neither party has asserted the existence of a genuine issue of material fact or urged that there are conflicting factual inferences arising from the undisputed facts.

The second issue raised by the parties is whether the exclusion in the insurance policy for bodily injury to any insured should apply to Thompson. The relevant language of the policy states: "This policy does not apply: . . . to bodily injury to any insured under the policy." The policy defines "insured" as "the named insured" and any omnibus insured, namely, "any person while using the automobile . . . with the permission of [the named insured]."

There is no disagreement between the parties to this appeal that Thompson was an "omnibus insured" during the time she was a passenger in the car being driven by Lawson. Although the policy language quoted above would appear to exclude her estate from recovery, the term "insured" means "omnibus insured *if he is the tort-feasor;* i. e., if he is the one at fault against whom the action is brought." *State Farm Mutual Automobile Insurance Co. v. Transport Indemnity Co.,* 109 Ariz. 56, 59, 505 P.2d 227, 230 (1973) [emphasis added]. See also, *New York Underwriters Insurance Co. v. Spiller,* 109 Ariz. 31, 504 P.2d 932 (1973). The facts of this case reveal that Lawson, not Thompson, was the sole tort-feasor. Since Thompson was not at fault, recovery by her estate is not barred because her status was that of an omnibus insured at the time the accident occurred.

Safeco argues that if the scope of the permission given by Tang to Thompson was broad enough to allow Lawson to drive the automobile, then Thompson would necessarily have had to "step into the shoes" of the named insured in order to extend permission to Lawson under the omnibus clause of the policy. This theory would preclude her estate from recovery as Thompson would be excluded under the terms of the policy. We reject this argument, however, since a person becomes a

"named insured" only by being designated as such by the insurance company on the insurance contract, not by conduct. It does not follow that because Thompson could extend coverage to another under the omnibus clause that she thereby became a named party insured under the policy.

For the reasons set forth, it is ordered reversing the judgment of the trial court and directing that judgment be entered in favor of appellant consistent with this opinion.

Judgment reversed.

OGG, P. J., and HAIRE, J., concur.