NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SECURA SUPREME INSURANCE COMPANY, *Plaintiff/Appellee*,

*v.*

MEGAN SUDHOFF, *Defendant/Appellant*.

No. 1 CA-CV 19-0406
FILED 3-3-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-007919
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Hill, Hall & DeCiancio, PLC, Phoenix
By Joel DeCiancio and Christopher Robbins (argued)
*Counsel for Plaintiff/Appellee*

Ahwatukee Legal Office P.C., Phoenix
By David L. Abney
*Co-Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1** Appellant Megan Sudhoff challenges the superior court's declaratory judgment in favor of Appellee Secura Supreme Insurance Company ("Secura"). We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** On June 13, 2015, Sudhoff was injured when a van owned by Western States Home Services, L.L.C. ("Western States") and driven by Western States employee Joseph Gabriel struck her bicycle. Sudhoff sued Gabriel and Western States in 2016 (the "negligence case").

**¶3** In the negligence case, Western States moved for summary judgment, arguing that it was not vicariously liable because Gabriel was not acting in the scope and course of his employment when the accident occurred. The superior court denied Western States' motion on November 22, 2017.

**¶4** On June 4, 2018, Secura sued Sudhoff and Gabriel for declaratory relief (the "coverage action") alleging it was not obligated to indemnify Gabriel under the insurance policy it issued to Western States (the "policy"). The judge assigned to the negligence case stayed that case pending the outcome of the coverage action.

**¶5** Secura then moved for summary judgment in the coverage action, arguing Gabriel did not have permission to drive the van at the time of the accident. Sudhoff opposed the motion, arguing (1) it constituted an improper "horizontal appeal" of the summary judgment ruling in the negligence case; (2) genuine issues of material fact remained concerning whether Gabriel had permission to drive; (3) Secura lacked standing to bring a declaratory relief action because it did not intervene in the negligence case; and (4) the applicable statute of limitations and laches barred Secura's declaratory relief claim.

¶6        The superior court rejected each of Sudhoff's arguments and granted Secura's motion, and Sudhoff appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶7        On review of a grant of summary judgment, we determine *de novo* whether any genuine issues of material fact exist and whether the court correctly applied the law. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 104, ¶ 13 (App. 2017). We view the facts and reasonable inferences in the light most favorable to Sudhoff as the non-prevailing party. *See Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163, ¶ 11 (2017). Summary judgment should be granted only "if the facts produced in support of [a] claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves,* 166 Ariz. 301, 309 (1990).

¶8        The policy provides that Secura

>    will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

The policy defines "insured" as follows, in relevant part:

>    The following are "insureds":
>
>    a.    You for any covered "auto,"
>
>    b.    Anyone else while using with your permission a covered "auto" you own . . . .

¶9        We construe insurance policy provisions according to their plain and ordinary meaning. *Cal. Cas. Ins. Co. v. Am. Family Mut. Ins. Co.*, 208 Ariz. 416, 418, ¶ 5 (App. 2004). If a provision is susceptible to different constructions, we discern its meaning by examining its purpose, the public policy considerations involved, and the transaction as a whole. *Id*.

¶10        The terms quoted above are consistent with A.R.S. § 28-4009(A)(2), commonly known as the "omnibus statute," which requires that all motor vehicle liability policies issued in Arizona "insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or

implied permission of the named insured." We construe the omnibus statute broadly in favor of providing coverage for permissive drivers. *Hille v. Safeco Ins. Co. of Am.*, 25 Ariz. App. 353, 354 (1975). But it was Sudhoff's burden to present facts showing Gabriel had the permission necessary to trigger coverage. *Home Ins. Co. v. Keeley*, 20 Ariz. App. 200, 202 (1973).

**A.     Secura Established That Gabriel Did Not Have Permission to Drive the Van at the Time of the Accident.**

¶11     Secura presented an affidavit from Western States' owner stating (1) Gabriel was not scheduled to work or on-call on the day of the accident; (2) Western States had never assigned Gabriel any jobs in Tucson, where the accident occurred; (3) Western States did not receive any service calls in Tucson on the day of the accident; (4) Gabriel did not ask for and was not given permission to use the van on the day of the accident, and (5) Gabriel had never requested permission to use a Western States van for personal reasons. Despite the affidavit, Sudhoff contends she established genuine issues of material fact about whether Gabriel had permission to drive the van at the time of the accident and, therefore, whether he was an "insured" under the policy.

**1.     Gabriel's Statement in the Police Report Is Not Admissible Evidence.**

¶12     Sudhoff first cites Gabriel's statement to the police that he "was going to a job" when the accident occurred. The superior court excluded this statement as inadmissible hearsay. *See In re 1996 Nissan Sentra*, 201 Ariz. 114, 117, ¶ 6 (App. 2001) ("In ruling on a party's motion for summary judgment, the trial court should consider those facts that would be admissible in evidence."). We will not disturb its evidentiary ruling absent an abuse of discretion. *Ogden v. J.M. Steel Erecting, Inc.*, 201 Ariz. 32, 40, ¶ 34 (App. 2001).

¶13     The statement is hearsay, as Sudhoff offered it to prove its truth. Ariz. R. Evid. ("Rule") 801(c). Sudhoff contends Secura waived all hearsay objections by citing the police report in its statement of facts. But Secura did not attempt to offer Gabriel's statements; it only cited the report to contend Western States did not see the statement until after litigation had commenced.

¶14     Sudhoff also argues the statement is admissible as a statement of a party-opponent under Rule 801(d)(2). *See State v. Griffith*, 247 Ariz. 361, 363, ¶ 7 (App. 2019) ("If the record includes statements made by an opposing party and is offered against that opposing party, those statements

are not hearsay."). But she did not offer the statement against Gabriel, the party who made it; she instead offered it against Secura.[1]

### 2. Evidence of Other Permissive Uses of Western States Vans Does Not Create an Issue of Material Fact.

¶15        Sudhoff also cites record evidence that (1) Western States allowed its employees to take company vans home to drive to service calls; (2) Western States sometimes permitted employees to drive company vans for personal reasons; and (3) the company handbook "envisions permissive use of vehicles." Taking this evidence as accurate, as we must in reviewing a grant of summary judgment, it does not suggest Gabriel had either express or implied permission to drive the van at the time of the accident.

¶16        Indeed, Sudhoff presented no evidence to refute Secura's evidence that Western States did not assign Gabriel a job in Tucson—or anywhere else—on the day of the incident; nor did she present evidence that Gabriel had express permission to use the van on the day of the incident. *See* Ariz. R. Civ. P. 56(c)(3)(B)(ii) (party opposing summary judgment must file a statement "specifying . . . those facts that establish a genuine dispute or otherwise preclude summary judgment").

### 3. There is not a Presumption of Permission in this Case.

¶17        Sudhoff also contends in her reply brief that "[u]nless there is contradicting evidence, the driver of an automobile causing damage or injury by its negligent operation is presumed to be using the automobile in the business of the owner and therefore with his permission." *Hille*, 25 Ariz. App. at 355. In *Hille*, the owner testified that he had given the driver "permission to use the car as her own without qualification and trusted her judgment in permitting other persons to drive the car." *Id*. On that basis, we affirmed summary judgment to the plaintiff on the issue of permission.

¶18        Sudhoff concedes that the owner's affidavit rebutted the presumption stated in *Hille*, but argues her evidence created a factual dispute. As noted above, Secura presented undisputed evidence that

---

[1]        Sudhoff also contends the residual exception of Rule 807 applies, but she did not raise this argument below. She has waived it for purposes of this appeal. *See K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 268 (App. 1997).

Gabriel did not ask for and was not permitted to use the van on the day of the accident.

## B.      Secura Did Not Pursue an Improper Horizontal Appeal.

**¶19**        Sudhoff next contends Secura's summary judgment motion was an improper horizontal appeal of the ruling denying summary judgment to Western States in the negligence case. "The policy against horizontal appeals . . . forms part of the general concept of law of the case as applied to decisions of the same court." *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993). A party seeks a horizontal appeal by asking a second trial judge to reconsider the decision of the first trial judge in the same matter when no new circumstances have arisen in the interim, and there is no other reason to reconsider the decision. *Id.* at 278–79. The goal is to "eliminate . . . the practice of bringing substantially the same motion before different superior court judges in the hope of eventually finding one who will make a favorable ruling." *Mozes v. Daru*, 4 Ariz. App. 385, 389 (1966).

**¶20**        Assuming without deciding that this case and the negligence case constitute the same matter, the denial of Western States' motion in the negligence case did not preclude Secura from seeking summary judgment in this case. *See Mozes*, 4 Ariz. App. at 389 (stating that the horizontal appeal prohibition "did not preclude the other two defendants from making a similar motion and having it heard before any judge to whom the matter was regularly assigned"). Sudhoff contends we should consider them to be the same party because Secura is defending Western States in the negligence case. She cites no authority, however, suggesting a liability insurer and its insured should be treated as one party when a tort action and a coverage action are pending.

**¶21**        Moreover, while the two motions cited many of the same facts, they did not present the same issues. *See Powell-Cerkoney*, 176 Ariz. at 279 ("We criticize horizontal appeals because they waste judicial resources by asking two judges to consider *identical motions . . . .*" (emphasis added)). Western States' motion focused on vicarious liability and whether Gabriel was acting within the scope and course of his employment. Secura's motion, in contrast, sought a determination whether Gabriel was an insured under the terms of the policy. Accordingly, Secura's motion was not an improper horizontal appeal.

## C. Secura Had Standing to File This Declaratory Relief Action.

**¶22** Sudhoff also contends Secura lacked standing to file the coverage action because it did not intervene in the negligence case. She cites no authority for this position. The declaratory judgment statute authorizes "[a]ny person interested under a . . . written contract" to "have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." A.R.S. § 12-1832. A justiciable controversy exists if there is "an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party." *Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, 45, ¶ 10 (App. 2000) (quoting *Samaritan Health Servs. v. City of Glendale*, 148 Ariz. 394, 395 (App. 1986)).

**¶23** Secura contends it is not obligated to cover Gabriel as an insured under the policy; Sudhoff alleges that it is. Secura thus had standing to pursue this declaratory relief action.

## D. This Action Is Not Time-Barred.

**¶24** Sudhoff next contends this action is barred by the two-year limitation period for tort claims. A.R.S. § 12-542. Arizona does not have a specific limitation period for declaratory relief actions; we, therefore, "examine the substance of the action to identify the relationship out of which the claim arises and the relief sought" to determine the appropriate limitation period. *Deutsche Bank Nat'l Tr. Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 330, ¶ 17 (App. 2018) (quoting *Canyon del Rio Inv'rs, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 341, ¶ 21 (App. 2011)).[2]

**¶25** Secura seeks a declaration that Gabriel was not an "insured" under the policy—a question of contract interpretation. The most comparable limitation period thus is the six years for claims based on a written contract. A.R.S. § 12-548. Sudhoff contends Secura could have

---

[2] Secura cites *Kepner v. Western Fire Insurance Co.*, 109 Ariz. 329 (1973) for the proposition that an insurance coverage declaratory relief action "can be filed at virtually any time." We disagree. *Kepner* stated in dicta that "a testing of the insurer's liability may take the form of a declaratory judgment brought in advance of the third party's action or proceedings on garnishment following the trial of the third party's action as in the instant case." *Id*. at 331. It did not authorize insurers to file declaratory relief actions on coverage questions at any time.

pursued declaratory relief as early as May 2016 because "it was clear there was a dispute over Gabriel's permission to drive" the Western States van. Assuming this is true, Secura's suit, filed in June 2018, was timely.

**¶26**      Sudhoff also contends laches bars this action. "Laches will generally bar a claim when the delay [in filing suit] is unreasonable and results in prejudice to the opposing party." *League of Ariz. Cities & Towns v. Martin*, 219 Ariz. 556, 558, ¶ 6 (2009) (quoting *Sotomayor v. Burns,* 199 Ariz. 81, 83, ¶ 6 (2000)). Delay alone is not enough; we also must "examine the justification for delay, including the extent of plaintiff's advance knowledge of the basis for challenge." *Id.* (quoting *Harris v. Purcell,* 193 Ariz. 409, 412, ¶ 16 (1998)). The party arguing laches also must show prejudice either to itself or to the administration of justice. *Id.* We review a court's laches decision for an abuse of discretion. *McLaughlin v. Bennett*, 225 Ariz. 351, 353, ¶ 5 (2010).

**¶27**      Sudhoff contends Secura's delay caused her to have to "defend again against the same permission-to-drive summary-judgment motion she defeated in the [negligence case]." But Secura contends—and Sudhoff does not dispute—it had no reason to seek declaratory relief until she tried to default Gabriel in the negligence case. It appears from the record that Secura filed its complaint five days after Sudhoff moved for the entry of default against Gabriel. We cannot say Secura unreasonably delayed in seeking declaratory relief.

### Attorney's Fees and Costs on Appeal

**¶28**      Secura requests its attorney's fees incurred in this appeal under A.R.S. § 12-341.01(A), which permits a discretionary award to the successful party in an action arising out of a contract. Sudhoff opposes the request contending she did not contract with Secura and she defended against Secura's summary judgment motion in good faith. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 164 Ariz. 211, 217 (App. 1990) ("One of the factors a trial judge can consider is whether assessing attorney's fees against the unsuccessful party would cause an extreme hardship.").

**¶29**      In our discretion, we decline to award attorney's fees. *See Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 14 (App. 1983) ("The [statutory] language is permissive, leaving the awarding of attorney's fees to the court's discretion."). Secura may recover its taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶30      We affirm the judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA