493 P.2d 909

**FARMERS INSURANCE GROUP, a corporation, and Linda M. Espinoza, Appellants,**

**v.**

**The HOME INDEMNITY COMPANY, a corporation, Appellee.**

**No. 10466-PR.**

Supreme Court of Arizona.

In Banc.

Feb. 9, 1972.

Chandler, Tullar, Udall & Richmond, by Jack Redhair, Tucson, for appellant Farmers Ins. Group.

Richard D. Grand, by Thomas J. McHugh, Tucson, for appellant Linda M. Espinoza.

Robertson & Fickett, by David C. Bury, Tucson, for appellee The Home Indemnity Co.

Miller, Pitt & Feldman, by David J. Leonard, Tucson, for amicus curiae American Trial Lawyers Assn.

STRUCKMEYER, Justice.

This case is before us on a petition for review of a decision of the Court of Appeals, 14 Ariz.App. 211, 481 P.2d 897, reversing a summary judgment in favor of Home Indemnity Company and against Farmers Insurance Group. Opinion of the Court of Appeals vacated. Judgment of the Superior Court reversed.

Paul C. Daly, a crane operator, was employed as an independent contractor to load refrigerating equipment into a truck owned by Rite-Way Ventilating Company. Juan F. Espinoza, an employee of Rite-Way, was assisting in the loading when the crane touched an electric wire and Espinoza was killed. Farmers Insurance Group insured the crane and Home Indemnity Company insured the truck. The policy of the latter company had the customary clause insuring bodily injury arising out of the use, including the loading and unloading of the truck.

Farmers Insurance defended the suit for wrongful death brought by Linda M. Espinoza, surviving spouse, against Daly. Home Indemnity refused to defend. A judgment was obtained which Farmers Insurance paid, and this action was brought for a declaration that the Home Indemnity policy provided the primary coverage.

Ordinarily, Home Indemnity would cover for the negligence of Daly while loading and unloading the truck. Morari v. Atlantic Mutual Fire Insurance Company, 105 Ariz. 537, 468 P.2d 564 (1970). To defeat

recovery, however, Home Indemnity relies on this policy provision:

"II. This insurance does not apply:
* * *

    *    *    *    *    *    *

(c) To bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;"

and this paradoxical language found in A. R.S. § 28–1170, subsec. E:

"The motor vehicle liability policy need not insure liability under any workmen's compensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment * * * of the insured * * *."

Farmers Insurance relies on the omnibus clause of the Home Indemnity policy extending coverage to anyone using the truck with permission of the insured, arguing that since Daly was loading the truck, he was using it with permission of Rite-Way when Espinoza was killed; therefore, Daly was insured under the Home Indemnity policy. Farmers Insurance concludes that the exclusion in section II(c) does not apply to Daly because Espinoza was an employee of Rite-Way, and Daly was not "the insured."

Both parties recognize that Daly is "an" insured. But Home Indemnity takes the position that both Daly and Rite-Way are "the insured," hence, irrespective of Espinoza's relation to Daly, he was still an employee of Rite-Way and the exclusion is applicable to prevent a recovery against it even though a recovery is had against Daly. The controversy, therefore, centers around the meaning of the words "the insured" as used in the exclusion clause. The question to be settled is what effect must be given to the Home Indemnity policy excluding employees of the owner where Daly, who was not the insured owner, did not employ Espinoza but committed the negligent act.

Numerous authorities are cited in which the language of similar exclusionary clauses have been restricted to the insured, the owner named in the policy, and numerous others cited, extending the exclusion to any person who fortuitously becomes an insured under the policy. The cases are collated in the decision of the Court of Appeals, 14 Ariz.App. 211, 481 P.2d 897, and it would serve no useful purpose to repeat them here.

It is our conclusion that the exclusion is not applicable to the permissive user, Daly, although it may be given force and effect in a suit by Espinoza or his personal representative against Rite-Way. Any other judgment would be inconsistent with the law of this state as pronounced in our former decisions.

Arizona has held that an insured cannot set up a restrictive endorsement negating coverage where it would conflict with the principal purpose of the Financial Responsibility Act. The public using the highways is to be protected from financial hardship resulting from the use of automobiles by financially irresponsible persons. Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963). Jenkins v. Mayflower is a case in which the restrictive endorsements of the policy excluded liability while the vehicle was operated by any member of the military or naval forces of the United States. This Court did not permit the endorsements to be set up as a defense to the lawsuit, holding in effect that such limitations on liability are void. Following Jenkins, we held that decision was applicable to restrictions of liability both as to a class of persons, Pacific Indem. Co. v. Hamman Wholesale Lbr. and Sup. Co., 95 Ariz. 362, 390 P.2d 897 (1964), and to named individuals, Dairyland Mutual Insurance Company v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967).

The application of the principle pronounced in Jenkins v. Mayflower Insurance Exchange is not, however, without some limitation. In New York Underwriters Insurance Company v. Superior Court, 104 Ariz. 544, 456 P.2d 914 (1969), the holding was that an insured could contract to restrict coverage so as to exclude his own personal injuries or death, inferring without expressly stating that there was no social objective which compelled a person to protect himself against financial hardship.

In the present case, we think that public policy would be thwarted by holding that the exclusion will be applied where a person is injured by a third party insured by the owner because he is an employee of the owner. Obviously, the purpose of the exclusion is to protect the owner from the expense of double coverage where his employee is covered by workmen's compensation. But to apply the exclusion without limitation to defeat coverage of third parties frustrates the purpose of the Financial Responsibility Act.

Not every employee in Arizona is required to be covered by workmen's compensation. By A.R.S. § 23–902, the employers subject to the provisions of the Workmen's Compensation Act are those who have in their employ three or more workmen, regularly employed. The construction urged by Home Indemnity excludes an entire class of employees—those working for employers with less than three workmen, regularly employed. It is possible that under the express language of the exclusion they will have neither protection by workmen's compensation nor by liability insurance. A like result would, of course, also occur where an employer with three or more employees either fails to insure under the Workmen's Compensation Act or permits his compensation to lapse for non-payment of premiums.

There is even a larger class of employees who would not be covered. Where the permissive user is solely responsible for the accident and is uninsured, his employees would be without protection while participating in the use, including the loading and unloading, of a motor vehicle. If Daly is "the" insured, bodily injuries to his employees are excluded by §· II(c) of the Home Indemnity policy.

The target of automobile insurance is to effect indemnity against loss and, therefore, a policy should be construed in such a way that this purpose will be effectuated rather than in a way which will defeat it, Espree v. Western Pioneer Insurance Co., 159 Cal.App.2d 875, 324 P.2d 749 (1958), and, consequently, it should be interpreted most strongly against the insurance company, North British and Mercantile Insurance Co. v. San Francisco Securities Corporation, 30 Ariz. 599, 249 P. 761 (1926).

If we were to construe the Home Indemnity policy to mean that the exclusion does not have application to the permissive insured because the injured or deceased was an employee of the owner insured, we would be compelled to hold, following Jenkins v. Mayflower, supra, and the decisions subsequent thereto, that the exclusion was void as against public policy. The construction we here place upon the policy permits an owner having workmen's compensation to contract for automobile liability insurance which excludes his employees. He thereby obtains the benefit of a lower premium, but his policy still conforms fully to the purpose of the Financial Responsibility Act.

The judgment of the Superior Court is reversed.

HAYS, C. J., CAMERON, V.. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.