581 P.2d 248

Antonio O. **MARTINEZ**, Appellant,

v.

**UNITED STATES FIDELITY & GUAR-
ANTY CO., a corporation, Appellee.**

**No. 2 CA–CIV 2675.**

Court of Appeals of Arizona,
Division 2.

March 16, 1978.

Rehearing Denied April 26, 1978.

Review Denied June 6, 1978.

Miller, Pitt & Feldman, P. C. by Stanley
G. Feldman, Hirsh & Shiner, P. C. by James
A. Shiner, Tucson, for appellant.

Everett, Bury & Moeller, P. C. by David
C. Bury, Tucson, for appellee.

OPINION

RICHMOND, Chief Judge.

The issue in this case is whether the
"cross employee" exclusion in an automobile
liability insurance policy violates the Arizo-
na Financial Responsibility Act. The trial
court found that it does not, and entered
summary judgment for the insurer. We
agree and affirm.

Appellant Antonio O. Martinez was
awarded damages for personal injuries in
an action against the personal representa-
tive of Harold Brasfield arising out of an
accident that occurred while Martinez and
Brasfield were acting within the scope and
course of their common employment. Mar-
tinez was a passenger and Brasfield the
driver of an automobile owned by their
employer, William J. Flanagan, doing busi-
ness as Bill Flanagan Motors. After entry
of the personal injury judgment, Martinez
commenced an action for declaratory judg-
ment against United States Fidelity &
Guaranty Company (USF&G) as insurer
and Flanagan as the named insured on a
comprehensive general liability policy in-
cluding garage liability insurance, seeking a
determination that the policy covered Bras-
field's operation of the vehicle at the time
of the accident. Portions of the policy per-
taining to the "automobile hazard" include:

"The Company will pay on behalf of the
Insured all sums which the Insured shall
become legally obligated to pay as dam-
ages because of . . . bodily injury
. . . to which this insurance applies

. . . . .

\* \* \* \* \* \*

"Exclusions:

"This insurance does not apply under the Garage Liability Coverages:

\* \* \* \* \* \*

"(d) to bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured . . . ."

Under its definition of "PERSONS INSURED" the policy provides further:

"None of the following is an Insured:
"(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment."

The parties agree that neither the exclusion nor restriction on the definition of persons insured (both being in violation of the omnibus clause of the Arizona Financial Responsibility Act, A.R.S. § 28–1170, subsec. B. 2.) is effective unless authorized by A.R.S. § 28–1170, subsec. E., which provides:

"The motor vehicle liability policy need not insure liability under any workmen's compensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, \* \* \* of the insured, \* \* \*."

Martinez concedes that a "cross employee" exclusion similar in all material respects to the exclusion in the USF&G policy was held effective in *Limon v. Farmers Insurance Exchange,* 11 Ariz.App. 459, 465 P.2d 596 (1970), but contends that *Limon* was overruled by the supreme court in *Farmers Insurance Group v. Home Indemnity Co.,* 108 Ariz. 126, 493 P.2d 909 (1972), construing the same exclusion. Our reading of the latter opinion compels a contrary conclusion. After holding that the exclusion could not be applied to the permissive insured for the injury or death of an employee of the owner insured, the court said:

"\* \* \* The construction we here place upon the policy permits an owner having workmen's compensation to contract for automobile liability insurance which excludes his employees. He thereby obtains the benefit of a lower premium, but his policy still conforms fully to the purpose of the Financial Responsibility Act."

108 Ariz. at 129, 493 P.2d at 912.

The foregoing can only be read as approval of the "cross employee" exclusion under the facts of this case. An owner "having workmen's compensation" would have no liability for damages at common law for injury or death of an employee, A.R.S. § 23–906. The only way he could obtain the benefit of a lower premium by contracting for automobile liability insurance which excludes his employees, therefore, is by use of the "cross employee" exclusion, relying on workmen's compensation to satisfy the purpose of the Financial Responsibility Act.

That is the situation in the instant case. It was established by request for admission, 16 A.R.S. Rules of Civil Procedure, Rule 36, that Martinez had applied for and received workmen's compensation benefits under a workmen's compensation policy issued to or applicable to Flanagan.

Although we hold the exclusion valid, and affirm on that basis, we nevertheless believe the restrictive definition of insured in the USF&G policy is void as in contravention of the Financial Responsibility Act. There is a significant difference between excluding coverage for injuries to a person for whom another remedy has been provided, and an attempt to exclude certain persons as insureds under the policy. It is that distinction, which is recognized in both *Limon,* supra, and *Farmers Insurance Group v. Home Indemnity Co.,* supra, that makes those cases reconcilable.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.