607 P.2d 29

Alex M. ATKINS, Jr., Appellant,

v.

PACIFIC INDEMNITY INSURANCE GROUP, a California Corporation, Appellee.

PACIFIC INDEMNITY INSURANCE GROUP, a California Corporation, Cross-Appellant,

v.

Alex M. ATKINS, Jr., Cross-Appellee.

Nos. 1 CA–CIV 4126, 1 CA–CIV 4136.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 28, 1979.

Rehearing Denied Feb. 5, 1980.

Review Denied Feb. 26, 1980.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Steven D. Smith, and Finn, Finn & Finn by Elizabeth R. Finn, Phoenix, for appellant-cross-appellee.

Black, Robertshaw, Frederick, Copple & Wright, P. C. by Steven D. Copple, Jon R. Pozgay, Phoenix, for appellee-cross-appellant.

OPINION

CONTRERAS, Judge.

The critical question in this case is whether the appellee and cross-appellant, Pacific Indemnity Insurance Group (Pacific) could, and did, in the motor vehicle liability insurance policy issued to the City of Phoenix, exclude liability coverage for an employee of the City sued individually for negligently causing the death of another employee of the City of Phoenix.

Michael Dennis Hemschmeyer was a policeman employed by the City of Phoenix. On November 2, 1973, Hemschmeyer was fatally injured in a collision with a refuse truck driven by the appellant and cross-appellee, Alex Atkins, also an employee of the City. It has been stipulated that both Hemschmeyer and Atkins were attending to the duties of their respective employments at the time of the accident and driving city vehicles with the permission of their employer.

Hemschmeyer's survivors brought a wrongful death action against Atkins. Pacific subsequently commenced the instant proceeding for a declaratory judgment seeking a determination that its comprehensive liability insurance policy issued to the City of Phoenix did not require it to defend Atkins or to pay any judgment ultimately rendered against him. Pacific relied upon the following exclusions set forth in the portion of the policy insuring against bodily injury arising out of the use of automobiles:

*Exclusions.* This insurance does not apply:

(a) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(b) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured.

. . .

Pacific also relied upon the following provision under the portion of the coverage defining "persons insured":

II. PERSONS INSURED. Each of the following is an insured under this insurance to the extent set forth below:

\*     \*     \*     \*     \*     \*

None of the following is an insured: (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person insured in the course of his employment;

On stipulated facts and cross-motions for summary judgment, the trial court in its judgment ruled that Pacific Indemnity owed a defense to Atkins, but its limits were the statutory minimums of $15,000–$30,000 required by the Safety Responsibility Act, A.R.S. § 28–1101, *et seq.*, and not the $500,000 single limit coverage set forth in the policy. The trial court further ruled that Atkins was not entitled to reasonable attorneys' fees. Atkins has appealed from the determination that Pacific's exposure is limited to $15,000 and from denial by the trial court of his claim for attorneys' fees. Pacific has appealed from the adjudication that it has any responsibility to Atkins in the underlying wrongful death action.

The trial court by its ruling took the position that coverage in the minimum amount is mandated by the Safety Responsibility Act. Both divisions of this court, however, have upheld exclusions of coverage to employees of the named insured where the injured party is a fellow employee. *Limon v. Farmers Insurance Exchange*, 11 Ariz.App. 459, 465 P.2d 596 (1970); *Martinez v. United States Fidelity & Guaranty Co.*, 119 Ariz. 403, 581 P.2d 248 (App.1978). The holdings in these cases are grounded upon A.R.S. § 28–1170(E), which provides in pertinent part as follows:

The motor vehicle liability policy need not insure liability under any workmen's compensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, . . . of the insured,

. . .

In *Martinez*, Division Two of this court considered and rejected the very contention that Atkins here advances. Atkins asserts that *Limon* was overruled by our supreme court's decision in *Farmers Insurance Group v. Home Indemnity Co.*, 108 Ariz. 126, 493 P.2d 909 (1972). In *Farmers Insurance v. Home Indemnity*, the survivors of a deceased employee of the named insured under the Home Indemnity policy brought an action against an independent contractor who was insured by Farmers Insurance. The accident occurred while such independent contractor was using equipment insured by Home Indemnity. Home Indemnity refused to defend the independent contractor. After paying an adverse judgment, Farmers Insurance brought an action for a declaration that the Home Indemnity policy provided primary coverage because the independent contractor was a permissive user of equipment insured by Home Indemnity and thereby covered by the omnibus clause of its policy. Our supreme court held in favor of Farmers Insurance and rejected Home Indemnity's contention that the employee exclusion clause of its policy included the independent contractor. However, the supreme court gave its approval to the general principle that an employer could, based upon § 28–1170(E), contract for automobile insurance that would exclude his employees and thus avoid the additional premium and double coverage that would result if an employer was required to carry both workmen's compensation and liability insurance for the benefit of his employees. This is pointedly demon-

strated by the following statement from *Farmers Insurance v. Home Indemnity*:

> The construction we here place upon the policy permits an owner having workmen's compensation to contract for automobile liability insurance which excludes his employees. He thereby obtains the benefit of a lower premium, but his policy still conforms fully to the purpose of the Financial Responsibility Act.

*Id.* at 129, 493 P.2d at 912.

We agree with the *Martinez* court's conclusion that *Farmers Insurance v. Home Indemnity* did not overrule *Limon.* In the instant case, the exclusion in the Pacific policy is, in substance, the same as that in *Martinez.*[1] Furthermore, we cannot accept Atkins' contention that it is ambiguous. The subject exclusion in the context of the undisputed facts effectively excludes coverage under the policy issued to the City of Phoenix.

We therefore conclude that Pacific is not required to defend Atkins or to pay any judgment rendered in favor of Hemschmeyer's survivors against him. Accordingly, that part of the judgment ruling to the contrary is reversed. The trial court was correct in its ruling denying a recovery of attorneys' fees to Atkins and that part of the judgment is affirmed.

Reversed in part, affirmed in part, and remanded.

FROEB, Acting P. J., Department A, and EUBANK, J., concur.

---

1. We eliminate as invalid the policy's definitional negation of Hemschmeyer as an insured. *See Martinez v. United States Fidelity & Guaranty Co.*, 119 Ariz. at 404, 581 P.2d at 249. It is to be noted that although the *Martinez* court refers to the exclusion as a "cross-employee exclusion", the exclusion is perhaps more accurately described as a "course of employment" exclusion. A "cross-employee" exclusion strictly speaking was involved in *Limon.*