624 P.2d 329

**ORKIN EXTERMINATING COMPANY, INC.; B. M. Equipment, Inc., and Affiliated F. M. Insurance Company, Plaintiffs/Appellees,**

v.

**Arthur ROBLES and Robert Thomas Prescott, Defendants/Appellants.**

**No. 2 CA–CIV 3703.**

Court of Appeals of Arizona,
Division 2.

Dec. 24, 1980.

Rehearing Denied Feb. 4, 1981.

Review Denied March 3, 1981.

Slutes, Browing, Zlaket & Sakrison, P. C. by Thomas A. Zlaket, Tucson, for plaintiffs/appellees.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendant/appellant Prescott.

Biggers & Enriquez by John W. Biggers, Tucson, for defendant/appellant Robles.

## OPINION

HATHAWAY, Chief Judge.

Appellants Robles and Prescott were both employed at Orkin Exterminating Company and were acting during the course of and in the scope of their employment when an auto accident occurred on June 3, 1976. Prescott was operating a vehicle furnished by Orkin when the accident occurred and Robles was a passenger. Orkin had leased the vehicle from B. M. Equipment, Inc. Robles was injured as result of the accident and received workmen's compensation benefits from the insurance carrier for Orkin.

On October 31, 1977, Robles filed an action against Prescott alleging negligence in the operation of the company vehicle. That action is still pending. Approximately a year later, this declaratory judgment action was filed seeking a declaration of appellants' rights vis-a-vis appellees concerning any judgment Robles might recover against Prescott in the pending tort action. Cross-motions for summary judgment were filed and appellees' motion was granted. The court declared that Prescott was not entitled to a defense or liability coverage of any kind from appellees in connection with the automobile accident, and that appellees were in no way obligated or liable to pay any judgment that might be rendered against Prescott in favor of Robles in the tort action. This appeal followed.

The undisputed facts as to insurance coverage are as follows. The leasing agreement required the lessee (Orkin) to procure and pay for automobile liability insurance with limits of not less than $100,000 for any one person for injury or death, $300,000 for any one accident for personal injury or death, and $25,000 for property damage for cars and $50,000 for property damage for

trucks. The agreement further recited that all such insurance shall protect, as their interests may appear, the lessor, lessee and "any person responsible for the use or operation of the vehicle."

Orkin procured an insurance policy from Affiliated F. M. Insurance Company which was designated an umbrella policy. The policy contained an endorsement which recited that its limit of liability as to automobile liability coverage for each occurrence was the excess over $100,000, "which shall be Self Insured." The insuring agreement also provided that it excluded from coverage any employee as an insured with respect to personal injury to another employee of the same employer. This insurance policy was accepted by the Arizona Department of Transportation as being in compliance with the state financial responsibility laws.

■ Appellant Robles contends that the trial court erred in refusing to make specific findings of fact and conclusions of law. He overlooks the fact, however, that this action was resolved by summary judgment. Therefore, Rule 52(a), Rules of Civil Procedure, is not applicable as this was not an action "tried upon the facts without a jury or with an advisory jury, . . ."

■ Robles also contends that Orkin, because of its leasing agreement with B. M. Equipment, was required to provide insurance coverage for Prescott, a permissive user of the leased vehicle. In order for either Robles or Prescott to be considered a third-party beneficiary of the lease agreement, the intention to benefit them must be indicated in the contract itself. *Basurto v. Utah Construction and Mining Co.*, 15 Ariz. App. 35, 485 P.2d 859 (1971). We find nothing in the lease agreement which indicates that the parties intended to recognize Prescott, a permissive user of the leased vehicle, as the *primary* party in interest and as privy to the promise to obtain insurance protection. His status was no greater than that of an incident beneficiary and therefore he could not maintain an action on the contract.

1. It is undisputed that Orkin is not a self-insurer under A.R.S. Sec. 28–1222.

■ We agree with the trial court that the Affiliated F. M. Insurance Company policy does not provide coverage. Although Prescott was "an insured" under the policy while using an automobile "hired for use in behalf of the named insured," he was another employee of the same employer. Therefore the "cross-employee" policy provision excluding coverage applied. Such an exclusion has been upheld as valid. *Martinez v. United States Fidelity & Guaranty Co.*, 119 Ariz. 403, 581 P.2d 248 (App.1978). We find no merit in Robles' attack on the cross-employee exclusion on the basis that it deprives him of his constitutional right to sue a co-employee. The presence or absence of insurance coverage does not bar his suit for Prescott's alleged negligence—it merely deprives him of the ability to look to the insurer to pay any resulting judgment.

■ Appellant Prescott contends that Orkin is self-insured for the first $100,000 and must defend him against Robles' lawsuit and pay any judgment up to that amount.[1] Assuming arguendo that Orkin is a self-insurer, what does it insure? A self-insurer is not an insurer. *Zinke-Smith, Inc. v. Florida Insurance Guaranty Association*, 304 So.2d 507 (Fla.App.1974); *Home Indemnity Co. v. Humble Oil and Refining Co.*, 314 S.W.2d 861 (Tex.Civ.App.1958); *American Family Mutual Insurance Co. v. Missouri Power & Light Co.*, 517 S.W.2d 110 (Mo. 1975); *Mountain States Telephone & Telegraph Co. v. Aetna Casualty and Surety Co.*, 116 Ariz. 225, 568 P.2d 1123 (App.1977). A self-insurer does not insure liability other than its own. *Location Auto Leasing Corp. v. Lembo Corp.*, 62 Misc.2d 856, 310 N.Y. S.2d 365 (1970). As a self-insurer, Orkin is obligated only to respond to judgments rendered against it. Since Robles has filed suit against only Prescott and therefore can only obtain a judgment against him, Orkin cannot be held liable.

Appellants have presented no issues concerning the judgment in favor of B. M. Equipment and thus are deemed to have

waived any complaint with respect to the judgment in its favor.

There being no material factual issue and appellees being entitled to judgment as a matter of law, the trial court correctly granted their motion for summary judgment.

Affirmed.

HOWARD and RICHMOND, JJ., concur.