687 P.2d 1281

**Louis COTA and Hortencia Cota, Plaintiffs, Counterdefendants-Appellants,**

**v.**

**INDUSTRIAL INDEMNITY COMPANY, Defendant, Counterclaimant-Appellee.**

**No. 1 CA–CIV 6023.**

Court of Appeals of Arizona, Division 1, Department A.

April 17, 1984.

Harrison & Lerch, P.C. by Mark I. Harrison and Thomas F. Harper, Phoenix, for plaintiffs, counterdefendants-appellants.

Teilborg, Sanders, Haga & Parks, P.C. by James A. Teilborg and Stephen Paul Forrest, Phoenix, for defendant, counterclaimant-appellee.

OPINION

HAIRE, Judge.

The issues raised in this appeal from a summary judgment relate to the trial court's determination that liability coverage for appellant Louis Cota's injuries was excluded by a "workmen's compensation" exclusion clause in the insurance policy issued by appellee Industrial Indemnity Company. Although the procedural history relating to the trial court litigation is complex and many issues of fact and law remain to be determined, there are no factual disputes pertinent to the issues which we deem dispositive on this summary judgment appeal.

Appellant Louis Cota was injured in 1974 when he jumped from a moving sanitation

truck owned by the City of Phoenix and driven by a co-employee, Arthur Lopez (hereinafter referred to as co-employee). Cota subsequently filed a claim for, and received, workmen's compensation benefits based upon an accident arising out of and in the course of his employment by the named insured, the City of Phoenix. Thereafter Cota sued his co-employee seeking to recover damages based upon his co-employee's alleged negligence.[1] For reasons which we need not discuss in this appeal, Cota's initial action against his co-employee was dismissed with prejudice in December 1974.

In 1979 Cota filed a new action against his co-employee and other defendants, including Industrial Indemnity.[2] By way of a cross-claim and counterclaim in the 1979 litigation, Industrial Indemnity requested declaratory relief, seeking a determination as to whether coverage existed under its policy for any liability which the co-employee might have incurred because of the injuries to Cota. The trial court ruled that coverage was excluded, and granted summary judgment for Industrial Indemnity on that basis. The judgment was made final by the inclusion of Rule 54(b) findings, and Cota has appealed from that judgment.

It is undisputed on appeal that at the time of Cota's injuries, the co-employee was driving his employer's truck with the employer's permission, and that accordingly the co-employee was a permissive "insured" under Industrial Indemnity's policy. However, Industrial Indemnity contends that under the facts of this case the following policy provision excluded liability coverage for Cota's injuries:

"This policy shall not apply:

"(a) ... to any obligation for which the *insured* ... may be held liable under any workmen's ... compensation ... law ...."

(Emphasis added).

An "insured" is defined in the policy as follows:

"The unqualified word, 'insured', wherever used, includes the named insured and also:

\*     \*     \*     \*     \*     \*

"(d) Any person while using an automobile ... owned by ... the named insured ... provided the actual use of the automobile ... is ... with the named insured's permission ...."

Industrial Indemnity contends that by reason of the above-quoted definition, the word "insured" in the exclusionary clause includes both the named insured and the permissive insured. From this premise, Industrial Indemnity then concludes that because the City of Phoenix as the named insured was obligated to furnish, and did furnish, workmen's compensation benefits to Cota, the exclusion clause was clearly applicable and precluded coverage. Countering this argument, Cota urges that the word "insured" in the exclusionary clause must be interpreted as limited to the particular insured asserting coverage, and that as so interpreted, the exclusion would not be applicable because the "insured" was the co-employee who had no obligation under the workmen's compensation laws for the injuries received by Cota.

If the above-quoted policy provisions are considered without reference to another policy provision which we will subsequently discuss, there is clear support in Arizona decisional law for the judgment entered by the trial court in favor of Industrial Indemnity. In *Limon v. Farmers Insurance Exchange*, 11 Ariz.App. 459, 465 P.2d 596 (1970) this court considered a fact situation involving a negligence action by an injured employee against a co-employee. The co-employee sought coverage as a permissive insured under his employer's motor vehicle liability policy. The employer's policy con-

---

1. At the time Cota was injured an employee electing to receive workmen's compensation benefits could also sue a negligent co-employee who caused his injuries. *See Kilpatrick v. Superior Court,* 105 Ariz. 413, 466 P.2d 18 (1970).

Such an action is now precluded. *See* A.R.S. § 23–1024 (as amended, Laws 1980).

2. In addition to other relief, Cota sought to have the 1974 judgment of dismissal set aside.

tained provisions substantially identical to the exclusion clause and the clause defining insured previously quoted in this opinion. In view of the definition of insured found in the *Limon* policy, we found no ambiguity and held that the word "insured" in the exclusionary clause referred to both the permissive insured and the named insured, and that coverage was validly excluded for the injuries received by an employee for which the named insured would be liable under Arizona's workmen's compensation laws.[3] The same result was subsequently reached by this court and by Division 2 in decisions involving claimed ambiguity of the word "insured" in course of employment and cross-employee exclusion clauses. *See Atkins v. Pacific Indemnity Ins. Group*, 125 Ariz. 46, 607 P.2d 29 (App.1980); *Martinez v. United States Fidelity & Guaranty Co.*, 119 Ariz. 403, 581 P.2d 248 (App.1978). In these cases, as in the present case, an employee had asserted a negligence claim against a co-employee and the co-employee was seeking liability coverage under the employer's policy. In both instances the court of appeals held that the word "insured" in the exclusionary clause included both the named insured and the permissive insured, and that coverage for the permissive insured was therefore excluded. *See also Hagen v. United States Fidelity and Guaranty Ins. Co.*, 138 Ariz. 521, 675 P.2d 1340 (App.1983), *approved and adopted*, 138 Ariz. 491, 675 P.2d 1310 by Arizona Supreme Court, No. 17193 (1984).

Notwithstanding the *Limon, Martinez* and *Atkins* decisions of the court of appeals, Cota contends that the Arizona Supreme Court in *Farmers Insurance Group v. The Home Indemnity Co.*, 108 Ariz. 126, 493 P.2d 909 (1972) has impliedly overruled the interpretation placed by *Limon* on the exclusionary clause in question, and that the Arizona Supreme Court has held that such an interpretation would be contrary to

Arizona's financial responsibility act. We would be less than candid if we did not acknowledge that certain statements in *Farmers* furnish strong support for Cota's contention, although *Limon* is neither cited nor discussed by the Arizona Supreme Court in *Farmers*. We do not propose in this opinion to engage in any extensive analysis of the enigma presented by our supreme court's opinion in *Farmers*. Suffice it to say that after the filing of the Arizona Supreme Court's decision in *Farmers*, the Arizona Supreme Court has denied review of this court's decision in *Atkins, supra*, and Division 2's decision in *Martinez, supra*. Both of these decisions expressly held that *Farmers* did not overrule *Limon*, and applied the rationale and holding of *Limon* in disposing of the appeals involved.

In the foregoing discussion we have traced the development of Arizona law relating to the unqualified use of the word "insured" in workmen's compensation, course of employment and cross-employee exclusionary clauses. These Arizona decisions demonstrate conclusively that, contrary to Cota's contention, the construction placed upon the exclusionary clause by Industrial Indemnity and the trial court would not violate Arizona's financial responsibility act, and in the absence of other relevant provisions would justify the trial court's interpretation of the exclusionary clause involved. We now consider Cota's further contention that the Industrial Indemnity policy contains an additional provision not considered in the above decisions, and that even if we assume that such exclusionary clauses do not violate Arizona's financial responsibility act, as a matter of construction the exclusion would not be applicable in this case.

Cota contends that the presence of a severability clause in the policy requires that the word "insured" in the exclusionary clause in this particular policy be construed

---

**3.** Contrary to appellant's contention and contrary to a statement contained in an opinion issued by Division 2 in *Farmers Insurance Group v. The Home Indemnity Company*, 14 Ariz.App. 211, 481 P.2d 897 (1971) *vacated on review*, 108 Ariz. 126, 493 P.2d 909 (1972), our holding in *Limon* relating to the workmen's compensation and course of employment exclusion clauses was not dicta, but in fact constituted the opinion's primary holding.

as applying only to the "insured" asserting coverage. Under such a construction, since the co-employee as the insured could not have been liable to Cota under Arizona's workmen's compensation law, the exclusionary clause would not be applicable. The pertinent portion of the severability clause in Industrial Indemnity's policy is as follows:

> "The term 'insured' is used severally and not collectively . . . ."

In considering Cota's severability argument, we first note that, with one exception which we will subsequently discuss, the appellate courts of Arizona have not considered the effect which the existence of a severability clause in a policy might have on the interpretation of the word "insured" in an exclusionary clause dealing with workmen's compensation, course of employment or cross-employee exclusions. However, we do note that in *Limon,* the seminal decision on this issue in this jurisdiction, an important part of the court's rationale in applying the exclusion so as to exclude coverage under facts essentially identical to those presented here was the court's finding that in the *Limon* policy the word "insured" was used collectively, i.e., that it "was intended to include *both* the named insured and any other insured." *Limon, supra,* 11 Ariz.App. at 462, 465 P.2d at 599; (emphasis in original). In *Limon* there was no contention that the policy contained a severability clause and consequently the court had no occasion to consider the effect which a severability clause might have on the issue presented.

The only Arizona decision which we have found which has expressly considered the effect of a severability clause on the issue presented in this appeal is *Farmers Insurance Group v. Home Indemnity Co.,* 14 Ariz.App. 211, 481 P.2d 897 (1971), *vacated,* 108 Ariz. 126, 493 P.2d 909 (1972).[4] In its decision, after quoting a severability clause found in the policy, the court stated:

> "We do not believe the unqualified words 'the insured' always mean the named insured and one or more omnibus insureds but rather that the term is used to refer to each insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage under the policy. When a claim is made against one who is an 'insured' under the policy, the latter is 'the insured' for the purpose of determining the company's obligations with respect to such claims."

14 Ariz.App. at 215, 481 P.2d at 901.

Although Division 2's opinion in *Farmers* has been vacated, we find its reasoning concerning the effect of a severability clause sound. The severability clause in Industrial Indemnity's policy states that "the term 'insured' is used severally and not collectively." If such a clause precluding the use of the term "insured" in a collective sense had been present in *Limon,* it is apparent that the court would have decided the issue differently. The importance of a policy severability clause on the issue presented in this appeal cannot be over-emphasized. *See Marwell Construction, Inc. v. Underwriters at Lloyd's, London,* 465 P.2d 298 (Alaska 1970); *Bituminous Casualty Corp. v. Aetna Life & Casualty Co.,* 599 S.W.2d 516 (Mo.App. 1980). Many of the decisions and authorities in the field recognize that the purpose of the adoption of the severability clause as a standard policy provision was to preclude an interpretation as adopted by this court in *Limon. See* Annot., 48 A.L.R.3d 13, at 96; *Risjord and Austin,* "Who is the 'Insured' Revisited," 28 Ins. Counsel Journal 100 (1961).

We therefore hold that the word "insured" as contained in the exclusionary clause in Industrial Indemnity's policy applies only to the insured asserting coverage, and not collectively so as to include the named insured under the facts of this case. Accordingly, the summary judgment

---

**4.** The Arizona Supreme Court in its opinion vacating the Court of Appeals' opinion in *Farmers, supra,* did not mention or discuss the policy's severability clause. We have previously alluded in this opinion to the confusion which has resulted from the Arizona Supreme Court's enigmatic and seemingly inconsistent conclusions in *Farmers.*

entered by the trial court is reversed, and the matter is remanded for further proceedings. Our holding in this appeal is not to be construed as precluding Industrial Indemnity from asserting any other policy or other defenses which might be available to it in the highly irregular proceedings demonstrated by the trial court record.

The judgment is reversed.

GRANT, P.J., and EUBANK, J., concur.