713 P.2d 312

**GRANITE STATE INSURANCE COMPANY; Del E. Webb Development Co.; Terry Hanaberg, Plaintiffs-Appellants,**

v.

**TRANSAMERICA INSURANCE COMPANY, Defendant-Appellee.**

**No. 1 CA–CIV 7042.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 12, 1985.

Motion for Reconsideration Denied Oct. 18, 1985.

**112**

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.C. by Larry L. Smith and Lisa M. Sommer, Phoenix, for plaintiffs-appellants.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal and Fred Cole, Phoenix, for defendant-appellee.

## OPINION

EUBANK, Judge.

Two issues are presented in this appeal from a summary judgment granted in an action seeking a declaratory judgment as to which of two insurance companies was primarily liable for coverage and defense in a negligence action:

(1) Whether, as a matter of law, the injury occurred during the unloading of the truck, such that the injury arose out of the use of the truck?

(2) Whether an automobile insurance policy may exclude coverage where the employee of the named insured is injured by a negligent third party who is an omnibus insured under the policy?

We find that the trial court erred in its analysis of both issues. Thus, we reverse and remand for entry of judgment in favor of the plaintiffs-appellants.

The facts here are not in dispute. Appellant Del Webb Development Company (Del Webb) was constructing an apartment complex. Appellant Terry Hanaberg was an employee of Del Webb. Del Webb was insured by a general liability policy with appellant, Granite State Insurance Company (Granite). Del Webb purchased carpet supplies from North Brothers (North). Donald G. Clark was an employee of North and in the course of his employment he drove the truck delivering carpet supplies to the construction site. The truck was insured by North under a comprehensive business automobile insurance policy by appellee, Transamerica Insurance Company (Transamerica).

After parking the truck at the spot to which Clark was directed by a Del Webb employee, Hanaberg began using a forklift to unload the supplies. Clark was also helping in the unloading of the truck. During the course of the unloading activity, Clark was injured by the forklift.

Thereafter, Clark and his wife filed a negligence suit against Del Webb and Hanaberg. The appellants tendered the defense of the action to Transamerica, which they viewed as having the primary coverage and insurance. Transamerica refused the tender of defense. Appellants then filed an action for declaratory relief requesting that Transamerica be adjudged primarily liable for coverage and defense of the suit. Appellants moved for summary judgment, and appellee filed a cross-motion for summary judgment. After considering the motions, the trial court granted the motion of Transamerica and denied appellants' motion. The judgment was filed and appellants have timely appealed from it to this court.

Appellants' first argument is that the trial court erred by finding that the injury did not arise out of the use of the vehicle. Both parties recognize the general principle that loading and unloading of a vehicle constitute use of the vehicle. *Mission Ins. Co. v. Aid Ins. Services*, 120 Ariz. 220, 585 P.2d 240 (1978). However, appellees argued, and the trial court found, that "the rule of law involving 'loading and unloading' does not apply in a case where the commercial delivery of the product had already occurred and the product was in the possession of the recipient." In reaching its conclusion, the court relied on *Fireman's Fund Ins. Co. v. New Zealand Ins. Co.*, 103 Ariz. 260, 439 P.2d 1020 (1968).

The trial court's reliance upon *Fireman's Fund* was misplaced. In that case, a concrete company agreed with a general contractor to deliver premixed concrete to the construction site in mixer trucks. Delivery was to be made by emptying concrete from the trucks into a steel bucket. Thereafter, the bucket was to be moved by a crane, operated by the employee of a third company, to the second floor. After the concrete had been unloaded into the bucket, as it was being moved by the crane, part of the crane touched a high tension wire and electrocuted the crane operator. The issue was whether the concrete company's truck insurer provided coverage for the loss as arising out of the use of the cement truck.

The court held that "when the goods have been delivered in the possession of the consignee or his agent or employee and have reached the place designated by the parties, whether by agreement or custom of the business, the responsibility of the consignor terminates and so likewise does liability under the policy of insurance." 103 Ariz. at 263, 439 P.2d 1020. The court concluded that the unloading was complete when the concrete was put into the steel bucket.

Appellee argues that the agreement was that Del Webb took possession of the goods on the truck, according to the custom between the parties, and thereupon assumed possession and the responsibility of unloading them by forklift. Therefore, appellee argues that "unloading" was completed when the truck stopped on Del Webb property. We cannot agree.

It would strain the use of the word "unloading" beyond all meaning to hold that the truck had been "unloaded" when, in fact, it had not been unloaded. In *Fireman's Fund, supra,* the concrete had clearly been unloaded from the truck. The question there was whether to extend the concept of unloading even further. Here, the appellee seeks to "back up" the concept of unloading prior to the vehicle being unloaded. This is not reasonable. *Fireman's Fund* is simply not applicable here.

More on point is *Mission Ins. Co., supra.* There a truck was delivering hot oil to the premises of a contractor. During the unloading of the oil into the contractor's storage tank, an employee of the contractor negligently closed a valve on the truck causing hot oil to be sprayed on the truck driver. The court held that the operation of the shut-off valve "was an integral part of the unloading process." 120 Ariz. at 222, 585 P.2d 240. The court concluded that the injury was sustained during unloading and that unloading must be considered to have occurred during the use of a motor vehicle under the Financial Responsibility Act (A.R.S. §§ 28–1170 *et seq.*).

Under the facts here, the use of the forklift was clearly an integral part of unloading the goods. It makes no difference whether Clark or Hanaberg was unloading the vehicle, or if they were acting in concert. Clark was an additional insured as an employee of the named insured, North Brothers. Hanaberg was a permissive user, *i.e.,* an omnibus insured involved in the task of unloading the truck.

Also, instructive is *Farmers Ins. Group v. Home Indemnity Co.,* 108 Ariz. 126, 493 P.2d 909 (1972). There the employee (Daly) of an independent contractor was using a crane to load equipment onto a truck. An employee of the company owning the truck was killed as he assisted in the loading. Our Supreme Court noted "[o]rdinarily, Home Indemnity (the truck owner's insurer) would cover for the negligence of Daly while loading and unloading the truck." 108 Ariz. 127, 493 P.2d 909. The court, however, was faced with an exclusion (further examined, *infra*), which arguably altered the general rule. If we were to apply appellee's reasoning *sub judice* to the *Farmers* case, there would have been no loading until the crane had finished putting the goods in the truck, *i.e.,* when the truck company had assumed control over the goods. Such a construction is contrary to the above quotation of the general rule. Accordingly, we conclude that the injury to Clark occurred during unloading of the vehicle, that the unloading con-

stituted use of the vehicle, and that therefore he was covered by Transamerica, absent an applicable exclusion. *See generally* Annot. 6 A.L.R.4th 686, § 11(a) (1980).

■ This brings us to the second issue on appeal, *i.e.*, whether an exclusion clause of the Transamerica policy excludes coverage for an injury to an employee (Clark) of the named insured where that injury is caused by a third person who is an omnibus insured under the policy. The exclusion states:

This insurance does not apply:

\* \* \* \* \* \*

(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, ... (c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury....

Also pertinent is A.R.S. § 28–1170(E), which states:

The motor vehicle liability policy need not insure ... liability on account of bodily injury to ... an employee of the insured while engaged in the employment....

The trial court found:

The policy of Defendant Transamerica Insurance Company clearly excludes the employees of its insured from coverage as they were already covered by workmen's compensation. On the face of the policy therefore there would be no coverage. While a proper public policy reason, like omnibus coverage, might invalidate such an exclusion, there is no reason for that here. It is hardly in the public interest to force an insurance company to provide liability coverage on the employee's claim when it already provides compensation coverage....

The trial court's conclusion, however, is contrary to a case precisely on point, *Farmers Insurance Group, supra.* There the facts, as set forth previously, were similar to those here. In that case, the truck insurer relied on the following exclusion to negate coverage:

This insurance does not apply:

\* \* \* \* \* \*

(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured....

The court considered both the meaning of the term "insured" and the effect of A.R.S. § 28–1170(E), concluding "that the exclusion is not applicable to the permissive user, Daly, ..." 108 Ariz. at 128, 493 P.2d 909. The court added:

In the present case, we think that public policy would be thwarted by holding that the exclusion will be applied where a person is injured by a third party insured by the owner because he is an employee of the owner. Obviously, the purpose of the exclusion is to protect the owner from the expense of double coverage where his employee is covered by workmen's compensation. *But to apply the exclusion without limitation to defeat coverage of third parties frustrates the purpose of the Financial Responsibility Act.* (Emphasis added).

108 Ariz. at 129, 493 P.2d 909. The opinion, although discussed by many subsequent opinions, remains the law. *See Tolifson v. Globe American Cas. Co.*, 138 Ariz. 31, 672 P.2d 983 (App.1983). Our court is certainly not empowered to disaffirm an opinion rendered by the Arizona Supreme Court. *Walthers v. Kroll*, 16 Ariz.App. 282, 492 P.2d 1220 (1972).

However, we must admit that the language of *Farmers* has caused some real difficulty in determining its scope. *See Cota v. Industrial Indemnity Co.*, 141 Ariz. 526, 529, 687 P.2d 1281, 1284 n. 4 (App.1984). For instance, it is unclear whether the court refused to apply the exclusion because of its interpretation of the contract or because of the public policy exhibited by A.R.S. § 28–1170. Also, in *Farmers*, 108 Ariz. at 128, 493 P.2d 909, second column, second full paragraph, our Supreme Court concludes that the exclu-

sion is not applicable. However, on page 129, 493 P.2d 909, second column, third paragraph, it says if it were to construe that the exclusion is not applicable (which it did do), it would find the exclusion void against public policy. Also, as quoted previously, at page 129, 493 P.2d 909, first column, second paragraph, the court states that public policy would be thwarted if the exclusion is applied.

Another problem raised by the opinion is whether the opinion interprets the permissive user as "the insured" referred to in the exclusion. Obviously, the permissive user is *an* insured as an omnibus insured. If one views the third party tortfeasor as the insured, the injured worker was not his employee, and the exclusion does not apply. According to the opinion, the truck owner's insurer argued that "the insured" meant both the insurer of the truck and the permissive user/omnibus insured. Farmers, the contractor's insured, argued that the permissive user was not "the insured." 108 Ariz. at 128, 493 P.2d 909. The court noted that if the permissive user was "the insured," deleterious effects would occur. *See* 108 Ariz. at 129, 493 P.2d 909, column two, first paragraph. However, the arguments of the parties and the statement by the court, as reported in the opinion, appear opposite to what they must have meant. If the permissive user is not "the insured," then the insured is the owner, the injured party was his employee, and the exclusion applies. Therefore, it appears that the court must have meant to conclude that the permissive user was "the insured." Then the injured employee would not be the employee of the insured and the exclusion would not apply.

Two later cases by the Arizona Supreme Court support this resolution of the *Farmers* "enigma". In *New York Underwriters Insurance Co. v. Spiller*, 109 Ariz. 31, 33, 504 P.2d 932 (1973), the court stated that, "There [in *Farmers*], we held that 'the insured' referred to the omnibus insured if he is the tortfeasor." *See also State Farm Mutual Automobile Insurance Co. v. Transport Indemnity Co.*, 109 Ariz. 56, 59, 505 P.2d 227 (1973). These cases are the last pronouncements by the Arizona Supreme Court as to what it meant in *Farmers*.

A thorough understanding of the difficulty caused by *Farmers* requires a review of several Court of Appeals opinions struggling to interpret *Farmers*. In *Limon v. Farmers Ins. Exchange*, 11 Ariz.App. 459, 465 P.2d 596 (1970), preceding *Farmers*, this court had considered two exclusions very similar to those in the case at bar where one employee, in the course of his employment, was injured by another employee of the named insured. The court held that the exclusions applied, that they were not contrary to A.R.S. § 28–1170, and that there was no coverage.

Although *Farmers* did not mention *Limon*, the question thereafter existed whether it had impliedly overruled *Limon*. In *Martinez v. United States Fidelity & Guaranty Co.*, 119 Ariz. 403, 581 P.2d 248 (App.1978), Division Two of this court held that *Farmers* had not overruled *Limon*. In harmonizing the two, the court stated:

> Although we hold the exclusion valid, ... we nevertheless believe the restrictive definition of insured (to exclude injuries caused by cross-employees) ... is void as in contravention of the Financial Responsibility Act. There is a significant difference between excluding coverage for injuries to a person for whom another remedy has been provided, and an attempt to exclude certain persons as insureds under the policy. It is that distinction, which is recognized in both *Limon, supra*, and *Farmers Insurance Group v. Home Indemnity Co., supra*, that makes those cases reconcilable.

119 Ariz. at 404, 581 P.2d 248.

Thereafter, our court considered the reconciliation of *Limon* and *Farmers* in *Atkins v. Pacific Indemnity Ins. Group*, 125 Ariz. 46, 607 P.2d 29 (App.1979). *Atkins* concluded that in *Farmers*, the Supreme Court "rejected Home Indemnity's contention that the employee exclusion clause of its policy included the independent contractor." 125 Ariz. at 47, 607 P.2d 29. This is,

in fact, what *Farmers* said, although it is inconsistent with the later interpretation of *Farmers* expressed by the Supreme Court in *Spiller, supra,* and *State Farm, supra.* In *Atkins* we agreed with Division Two that *Farmers* did not overrule *Limon.* Accord *Cota, supra.*

In view of the above case law, it is clear that the waters are indeed muddied. However, one principle emerges. The Court of Appeals' opinions considering *Farmers* have dealt with fact situations where one employee of the insured injured another employee of the insured. We have not considered a case, such as this one and *Farmers,* where a person who is not an employee of the named insured, but who is an omnibus insured as a permissive user, injures an employee of the named insured. The facts of this case are therefore essentially the same as in *Farmers,* and that opinion controls the result here. We distinguish *Limon, Martinez,* and *Atkins* as cases where one employee of the insured injured another employee of the insured. *See also Orkin Exterminating Co., Inc. v. Robles,* 128 Ariz. 132, 624 P.2d 329 (App. 1980). Clearly, in these cases, A.R.S. § 28–1170(E) applies and there is no public policy reason to negate the exclusion. *Cota, supra.*

Our worker's compensation laws recognize the right of an employee injured in the course of employment to sue third party tortfeasors, A.R.S. § 23–1023. By contrast, an employee cannot sue a negligent co-employee. A.R.S. § 23–1024. To give effect to the subject exclusion clauses in cases such as this would tend to discourage suits against the negligent third parties and frustrate the legislative intent of A.R.S. § 23–1023. Moreover, our holding furthers the purpose of the Financial Responsibility Act, *i.e.,* to protect the public from financial hardship resulting from the use of automobiles. *E.g., Schwab v. State Farm Fire & Cas. Co.,* 27 Ariz.App. 747, 558 P.2d 942 (1976). Although in this case Hanaberg and Del Webb were covered by business liability insurance through Transamerica, the third party tortfeasor would not necessarily, in another case, have insur-

ance coverage. *See Farmers,* 108 Ariz. at 129, 493 P.2d 909. The rule we adopt of not applying the exclusion to Hanaberg has the effect of protecting both the injured person and the tortfeasor, thereby furthering the public policy implicit in A.R.S. § 28–1170, without infringing on the purpose of the exclusion embodied in A.R.S. § 28–1170(E).

Furthermore, the purpose of automobile insurance is to provide coverage and a defense for the insured. The permissive user, Hanaberg, as an omnibus insured, is generally covered, both under the policy and under A.R.S. § 28–1170(C). As stated in *Farmers,* "[t]he target of automobile insurance is to effect indemnity against loss and, therefore, a policy should be construed in such a way that this purpose will be effectuated rather than in a way which will defeat it...." 108 Ariz. at 129, 493 P.2d 909. Therefore, in case of an ambiguity, such as what the term "the insured" means in the exclusionary clause at hand, the ambiguity should be interpreted against the insurance company. *Id.*

In conclusion, despite our concerns with the enigma presented by *Farmers,* we hold that *Farmers, supra,* controls here and the trial court erred in granting summary judgment to appellee on the basis of the subject exclusion clauses.

For the above reasons, the judgment of the trial court is reversed and the cause is remanded with instructions to enter judgment in favor of appellants.

CONTRERAS, P.J., and BROOKS, J., concur.